```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  DENNISE D. WILLETT
    Assistant United States Attorney
 3  Chief, Santa Ana Branch Office
    JOSHUA M. ROBBINS (Cal. State Bar No.: 270553)
 4  Assistant United States Attorney
 5       8000 United States Courthouse
         411 West Fourth Street
 6       Santa Ana, California  92701
         Telephone:  (714) 338-3538
 7       Facsimile:  (714) 338-3708
         Email: joshua.robbins@usdoj.gov
 8
 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE EXTRADITION OF<br><br>DOUGLAS WAYNE SCHNEIDER,<br><br>A fugitive from the Government of Canada. | No. SA CV 14-00592-RT (AN)<br><br>[PROPOSED] <u>CERTIFICATE OF EXTRADITABILITY AND ORDER OF COMMITMENT</u><br><br>[18 U.S.C. § 3184] |
|---|---|

The Court has received the Complaint for Arrest with a View Towards Extradition filed on February 26, 2014, by United States Attorney's Office for the Central District of California, for and on behalf of the Government of Canada ("Canada"), pursuant to Canada's request for the provisional arrest and extradition of the fugitive, Douglas Wayne Schneider ("Schneider"). The Court has also received an Affidavit of Consent to Extradition ("Affidavit") executed by Schneider and witnessed by his attorney in these proceedings, Cuauhtemoc Ortega.

On April 23, 2014, Schneider appeared before the Court in open session, accompanied by his attorney.  The Court addressed Schneider and is satisfied that he is aware of his rights as set forth in the Affidavit and that the Affidavit was executed knowingly and voluntarily.

Inasmuch as Schneider has conceded that he is extraditable on the charges for which extradition was requested, and has consented to a certification by this Court to that effect, and has further consented to remain in the custody of the United States Marshal pending the arrival of agents from the requesting state to transfer him to the requesting state, the Court finds on the basis of the record herein and the representations of Schneider and counsel that:

1.   The undersigned judicial officer is authorized under Title 18, United States Code, Section 3184, to conduct an extradition hearing.

2.   The Court has personal jurisdiction over Schneider and subject matter jurisdiction over the case.

3.   There is currently in force an extradition treaty between the Government of the United States of America and the Government of Canada, U.S.-Canada, Dec. 3, 1971, 27 U.S.T. 983, TIAS No. 8237 (the "Extradition Treaty"), which was amended in part by the Protocol Amending the Extradition Treaty with Canada of January 11, 1988, which entered into force on November 26, 1991 (the "1988 Protocol"); and by the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001, which entered into force on April 30, 2003 (the "2001 Protocol").

1    4.   Schneider has been charged by felony complaint in
2 Alberta, Canada, with the following charges: 1) Trading in
3 unregistered securities, in violation of Sections 75(1)(a)(ii)
4 and 194 of the Securities Act (Alberta) RSA 2000, C. S-4 as
5 amended ("Securities Act"); (2) Distributing securities without
6 filing and receiving a receipt for a preliminary prospectus and
7 prospectus from the Executive Director of the ASC, in violation
8 of Sections 110 and 194 of the Securities Act; (3) Making a
9 statement that was misleading or untrue, or failing to state a
10 fact necessary to make a statement not misleading, regarding the
11 use of investor funds, in violation of Sections 92(4.1) and 194;
12 and (4) Securities fraud, in violation of Sections 93 and 194 of
13 the Securities Act.
14    5.   The charged offenses are extraditable offenses under
15 Article 2 of the Extradition Treaty, as replaced by Article I of
16 the 1988 Protocol, which provides that extradition shall be
17 granted for conduct that constitutes an offense punishable by
18 the laws of both Canada and the United States by imprisonment or
19 other form of detention for a term exceeding one year or any
20 greater punishment.
21    6.   The requesting state seeks the extradition of
22 Schneider so that he may be held to answer these charges.
23    7.   Schneider has stipulated that there is probable cause
24 to believe that he committed the offenses for which extradition
25 is sought.
26   Based on the foregoing findings, the Court concludes that
27 Schneider is extraditable for the offense for which extradition
28

1 was requested, and certifies this finding to the Secretary of
2 State as required under 18 U.S.C. § 3184.
3     IT IS THEREFORE ORDERED that the Clerk of the Court shall
4 deliver to the Assistant United States Attorney a certified copy
5 of this Certification of Extraditability and the executed
6 Affidavit of Consent to Extradition and, further, that the Clerk
7 shall forward for the appropriate disposition certified copies
8 of the same to the following persons:  (1) Anna Cavnar, Office
9 of the Assistant Legal Adviser for Law Enforcement and
10 Intelligence, L/LEI, Department of State, 2201 C Street NW,
11 Rm. 5419, Washington, D.C. 20520; and (2) Roman Chaban, Office
12 of International Affairs, 1302 New York Ave. NW, Suite 800,
13 Washington, DC 20530.
14     IT IS FURTHER ORDERED that Schneider be committed to the
15 custody of the United States Marshal pending final disposition
16 of this matter by the Secretary of State and arrival of agents
17 of the requesting state, at which time Schneider, together with
18 any evidence seized incidental to his arrest, will be
19 transferred to the custody of the agents of the requesting state
20 at such time and place as mutually agreed upon by the United
21 States Marshal and the duly authorized representatives of Canada
22 to be transported to that country.
23     SO ORDERED.
24
25 Dated:_____          _____
                                Honorable Arthur Nakazato
26                              United States Magistrate Judge
                                Central District of California
27
28

4